IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KEVIN ROLLINS | § | CIVIL ACTION NO. 1:19-cv-00259-LY |
| | § | |
| VS. | § | |
| | § | |
| HOME DEPOT USA, INC. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Plaintiff KEVIN ROLLINS, and complains of HOME DEPOT USA, INC. and would show the court the following:

### I.

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because there is complete diversity between the parties.

2. This Court has personal Jurisdiction over the Defendants because they are doing business in Texas and the events giving rise to this lawsuit have all occurred in Texas.

3. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to this lawsuit have all occurred in the Western District of Texas.

1

## II.

## PARTIES

4. Plaintiff KEVIN ROLLINS ("Plaintiff") is a resident of Cedar Creek, Bastrop County, Texas.

5. Defendant HOME DEPOT U.S.A., INC., is a Foreign For Profit Corporation in Texas. Defendant may be served with process by delivering same to its registered agent for service of process, Corporation Service Company, dba CSC-Lawyers Incorporating Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218

## III.

## BASIS FOR SUIT

6. It has become necessary to bring this action because of injuries and damages sustained by Plaintiff on or about February 8, 2018.

7. On or about February 8, 2018, Plaintiff was an employee of Defendants and in the course and scope of his employment when he was unloading a packaged bath tub without assistance and sustained serious and permanent injury to his back.

8. Defendants were negligent in:

    a) Failing to use ordinary care in providing a safe workplace

    b) Failing to provide proper assistance in a heavy lifting situation

    c) Failing to provide proper instrumentalities

    d) Failing to comply with the **Texas Labor Code Ann. § 411.103**

9.                                   Among other negligent acts and/or omissions,

Defendants knew or should have known of the dangerous condition before this incident, but took no steps to correct the situation. Defendants were a workers' compensation non-subscriber, subject to **Tex. Lab. Code § 406.033**. Conduct constituted negligence which proximately caused damage to Plaintiff.

## IV.

## **VICARIOUS LIABILITY**

10. At all relevant times Defendant's employees were acting in the course and scope of their employment. As such, Defendants are vicariously liable for the negligent acts and omissions of those employees.

## V.

## **PLAINTIFF'S PERSONAL INJURIES AND DAMAGES**

11. Upon trial of this case, Plaintiff will show that he sustained and will sustain injuries and damages as a proximate result of the negligence of the Defendants. Plaintiff will respectfully request the Court and Jury to determine the amount of the loss he has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. There are certain elements of damages, provided by law, that Plaintiff is entitled to have the Jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate him for the injuries and damages and losses incurred and to be incurred. From the date of the incident in question until the time of trial of this case, those elements of damages

to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

a. The physical pain that he has suffered from the date of the incident in question up to the time of trial.

b. The mental anguish that he has suffered from the date of the incident in question up to the time of trial.

c. The amount of reasonable medical expenses necessarily incurred in the treatment of his injuries from the date of the incident in question up to the time of trial.

d. The damages resulting from the physical impairment suffered by him and the resulting inability to do those tasks and services that he ordinarily would have been able to perform.

e. The loss of wages he has incurred from the date of the incident up to the time of trial.

f. The damages resulting from the disfigurement he has suffered.

12. From the time of trial of this case the elements of damage to be separately considered which Plaintiff will sustain in the future beyond the time of trial are such of the following elements that are shown by a preponderance of the evidence upon trial of this case:

a. The physical pain that he will suffer in the future beyond the time of trial.

b. The mental anguish that he will suffer in the future beyond the time of trial.

c. The reasonable value of medical expenses that will necessarily be incurred in the

treatment of his injuries in the future beyond the time of trial.

d. The damages resulting from the physical impairment that he will continue to suffer in the future and the resulting inability to do those tasks and services that he ordinarily would have been able to perform in the future beyond the time of trial.

e. The loss of wages and the loss of earning capacity he will suffer in the future beyond the time of trial.

f. The damages resulting from the disfigurement he will continue to suffer.

## VI.

## **PUNITIVE DAMAGES**

13. Pursuant to Tex. Civ. Prac. & Rem. Code §41.001 et. seq., Defendant's conduct alone and in combination additionally rose to the level at which exemplary damages should be assessed by the Jury, for which Plaintiff seeks recovery.

## VII.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff KEVIN ROLLINS prays that Defendant HOME DEPOT U.S.A., INC., be cited to appear and answer herein, and that upon final trial, Plaintiff recover the damages, as specified above, plus costs of Court, pre-judgment interest, and interest at the legal rate, from Defendant, jointly and severally, and have such other and further relief, general and special, at law and in equity to which he may show himself justly entitled under the facts and circumstances.

Respectfully submitted,

AARON ALLISON
1601 Rio Grande, Suite 520
Austin, Texas 78701
(512) 474-8346
(512) 474-2119 Fax

By: _____
AARON F. ALLISON
TBN 24055098

ATTORNEY FOR PLAINTIFF,
KEVIN ROLLINS

**PLAINTIFF HEREBY RESPECTFULLY DEMANDS A TRIAL BY JURY.**
Courtesy copy provided to:

Mr. Chad L. Farrar, ESQ.

Fax#214-754-0043